**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>RENE MADRIGAL-GAYTAN,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 99cr97-BEN<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PETITION FOR WARRANT OR SUMMONS |

Now before the Court is Defendant Rene Madrigal-Gaytan's ("Defendant") Motion to Dismiss the Petition for Warrant or Summons (filed July 16, 2012). The motion to dismiss is denied.

**I. BACKGROUND**

Defendant was convicted of bringing in an illegal alien without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). A United States District Judge for the Southern District of California sentenced Defendant to 18 months in custody followed by three years of supervised release. Defendant began his supervised release on April 21, 2000.

On October 31, 2002, a United States Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision ("Petition") to cite the Defendant to appear before the Court. The petition alleged that on August 12, 2002, Defendant admitted to a Central District of California U.S. Probation Officer violations of the conditions of Defendant's supervised release by committing three federal offenses: 8 U.S.C. § 1325(a) (improper entry by alien); 18 U.S.C. § 911

(falsely claiming United States citizenship); and 18 U.S.C. § 1001 (fraudulently claiming a Social Security number belonging to another). The Petition was signed but not sworn under oath. On November 2, 2002, the United States District Court for the Southern District of California issued a summons ordering Defendant to appear for a supervised release revocation hearing on December 2, 2002. Defendant did not appear for the revocation hearing. On December 5, 2002, the Court issued a bench warrant for Defendant's failure to appear. These events took place before Defendant's term of supervised release was to expire on April 20, 2003.

Ten years later, on February 20, 2012, California state police officers arrested Defendant for assault with a deadly weapon in the Central District of California. On March 8, 2012, Defendant pled guilty to Assault with Deadly Weapon, not Firearm, 245(a)(1) CPC. On April 20, 2012, the U.S. Marshals Service arrested Defendant on the warrant issued by the Southern District of California. On the same day, a United States Magistrate Judge ordered Defendant be removed to the Southern District and detained pending further revocation proceedings. On May 11, 2012, Defendant made his initial appearance in the Southern District on the order to show cause and entered a denial to the allegations. A U.S. Probation Officer filed a sworn amended petition on July 2, 2012, and the Court ordered that the Petition be amended on July 3, 2012. On July 16, 2012, Defendant filed the instant Motion to Dismiss Petition for Warrant or Summons.

## II. TOLLING THE TIME FOR SUPERVISED RELEASE REVOCATION PROCEEDINGS

By statute, the district court's jurisdiction to revoke a term of supervised release can be extended beyond the term of supervision if a warrant or summons alleging a violation of a condition of supervised release issues during the term of supervision. *See* 18 U.S.C. § 3583(i).[1] The district court's authority to revoke supervised release may also be extended by the fugitive tolling doctrine. *See United States v. Murguia-Oliveros*, 421 F.3d 951, 952-53 (9th Cir. 2005).

---

[1] In order for a *warrant* to extend jurisdiction, it must be "issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment." *United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. (2004) (quoting U.S. Const. amend. IV). *Vargas-Amaya* expressed no opinion on whether a *summons* must be based upon sworn facts under § 3583(i). *Vargas-Amaya*, 389 F.3d at 906 n. 4.

## III. DISCUSSION

Defendant has moved to dismiss the allegation of supervised release violation claiming the Court lost jurisdiction because Defendant's term of supervised release has expired. Defendant alleges that the 2002 Petition was not sworn and did not establish probable cause, therefore, the summons is invalid and does not preserve jurisdiction under 18 U.S.C. § 3583(i).

### A. PROBABLE CAUSE IN PETITION

Defendant alleges that the Petition does not indicate when the alleged violations took place, therefore, the Petition does not facially establish probable cause sufficient to believe that the alleged violations of Defendant's supervised release occurred during the term of supervision. Defendant argues the Petition's lack of facts establishing probable cause makes the resulting summons invalid, thereby failing to extend the Court's jurisdiction over Defendant under § 3583(i). As a result, Defendant claims his supervision expired on April 20, 2003, and the Court must dismiss the petition for lack of jurisdiction.

Defendant's term of supervised release commenced on April 21, 2000, and would have expired on April 21, 2003. The "Allegations of Noncompliance" in the Petition state that on August 12, 2002, the Defendant admitted to violations of 8 U.S.C. §§ 911 and 1001, and 18 U.S.C. § 1325(a). In the "Violation Summary," the probation officer alleges that these violations occurred when Defendant admitted to a supervising probation officer in the Central District that he was not a United States citizen, that he had been using a fraudulent Social Security number for the past 15 years, and that he had been unable to maintain employment as he could not provide proof of a Social Security umber.

The admission by a defendant to a particular offense is sufficient to establish probable cause to believe that he actually committed that offense. *Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011). In the case before this Court, the probation officer alleged that, during the term of his supervised release, Defendant admitted to the supervising probation officer in the Central District to violating the terms of his supervised release. These alleged admissions occurred on August 12, 2002, before the expiration of Defendant's supervised release and in violation of the terms of his release. As a result, the Defendant's claim as to the facial validity of the petition for establishing

1  probable cause fails.

2  **B. OATH REQUIREMENT OF SUMMONS**

3   Defendant alleges a novel argument that the original petition was unsworn and, therefore, the resulting summons was invalid. Defendant relies on *United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004), for the principle that a warrant must be supported by oath or affirmation to extend jurisdiction under 18 U.S.C. § 3583(i). Defendant argues the oath requirement for a *warrant* in *Vargas-Amaya* compels a similar oath requirement for a *summons* to validly extend jurisdiction under § 3583(i), although Defendant acknowledges that the *Vargas-Amaya* court explicitly did not express an opinion as to whether a summons must be sworn. Defendant alleges that since the original petition was unsworn, the resulting summons was invalid and did not extend jurisdiction to this Court.

 In finding an oath requirement is necessary for a valid *warrant*, the Ninth Circuit relied on the Warrant Clause of the Fourth Amendment of the Constitution. *Vargas-Amaya*, 389 F.3d at 904. In so holding, the Court distinguished its prior ruling in *United States v. Schmidt*, 99 F.3d 315 (9th Cir. 1996), noting: "[T]he issuance of a *summons* does not precipitate a seizure and is not covered by the Warrant Clause." *Vargas-Amaya*, 389 F.3d at 907 (emphasis added). Further, the Ninth Circuit has also held, "the full panoply of rights due to a defendant" in a criminal prosecution does not apply to supervised release revocations because "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *United States v. Spangle*, 626 F.3d 488, 494 (9th Cir. 2010) (quoting *Morrisey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593 (1972)). Since summons do not require the extra protections of the Warrant Clause and supervised release revocations do not require the same protections as other deprivations of liberty, this Court holds that an oath is not required in order for a summons to extend jurisdiction under 18 U.S.C. § 3583(i).

 The citation issued on November 2, 2002, satisfied all the requirements of Fed. R. Crim. P. 4(b): (1) the defendant's name or physical description; (2) a description of the offense alleged; (3) an order to appear before a judge at a stated time and place; and (4) a judge's signature. Fed. R.

Crim. P. 4(b). In this case, the summons ordered Defendant to appear before the United States District Court for the Southern District of California on December 2, 2002, at 10:15 a.m. The petition described the alleged violations of supervised release. When the district judge signed the document as an order of the court, the document satisfied the requirement for issuing a summons. The summons was issued on November 2, 2002, well before Defendant's supervised release expired on April 21, 2003. *See United States v. Nnanna*, 281 Fed. Appx. 708, 710 (9th Cir. 2008) (examining whether a summons conferred jurisdiction under § 3583(i) by determining whether the form of a summons complied with Rule 4(b)). The valid summons extended the jurisdiction of this Court to revoke Defendant's supervised release under § 3583(i).

## C. FUGITIVE TOLLING

The valid summons extended this Court's jurisdiction to revoke Defendant's supervised release. Alternatively, this Court has jurisdiction to revoke Defendant's supervised release because, at the time of his arrest, the period of supervised release had not yet expired due to fugitive tolling. *See* 18 U.S.C. §§ 3583(e)(3) & 3606; *United States v. Murguia-Oliveros*, 421 F.3d 951, 952-53 (9th Cir. 2005). A term of supervised release can be tolled while a defendant is a fugitive, having violated the terms of his supervised release. *Murguia-Oliveros*, 421 F.3d at 955.

The Ninth Circuit has adopted a fugitive tolling doctrine. In *Murguia-Oliveros*, the defendant violated the terms of his supervised release. *Murguia-Oliveros*, 421 F.3d at 954. After violating the terms of his supervised release, Murguia-Oliveros's probation officer ordered him to report and he failed to do so. *Id*. His supervised release period was tolled from the time the government obtained a warrant for his arrest until the time the supervised release would have expired, absent a violation. *Id*. at 955. Murguia-Oliveros became a fugitive when he effectively absconded from serving the term of his supervised release. *Id*. at 954. The Ninth Circuit found tolling in this instance was not a severe sanction and was necessary to the purpose of supervised release. *Id*. Tolling prevents rewarding "those who violate the terms of their supervised release and avoid arrest until after the original term expires. . . . A person on supervised release should not receive credit against his period of supervised release for time that, by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release." *Id*. at 954-955

1  (citing *United States v. Crane*, 979 F.2d 687, 691 (9th Cir. 1992)); see also United States v.

2  Watson, 633 F.3d 929, 931-32 (9th Cir. 2011).

3      Here, Defendant's period of supervised release was originally set to expire on April 20,

4  2003. On November 2, 2002, Defendant was ordered to appear for a supervised release revocation

5  hearing on December 2, 2002. When he failed to appear on December 2nd, a bench warrant was

6  issued on December 5, 2002. On December 2nd, Defendant still had 140 days remaining on his

7  supervised release before his term would have otherwise expired. Defendant was brought into

8  federal custody by U.S. Marshals on April 20, 2012.

9      "Fugitive tolling begins when the defendant absconds from supervision–making it

10 impossible for the Probation Office to supervise his actions–and ends when federal authorities are

11 capable of resuming supervision." *United States v. Ignacio Juarez*, 601 F.3d 885, 890 (9th Cir.

12 2010). At the time Defendant failed to appear for the revocation hearing on December 2, 2002,

13 Defendant effectively absconded from the terms of his supervised release. Defendant's supervised

14 release period was tolled until his arrest by U.S. Marshal's on April 20, 2012. As a result,

15 Defendant's supervised release term did not actually expire until September 7, 2012, or 140 days

16 after April 20, 2012. Defendant appeared before this court on April 27, 2012. Moreover, an

17 Amended Petition sworn under oath was filed on July 2, 2002. Therefore, this Court had

18 jurisdiction under 18 U.S.C. § 3583(i).

19                             **III. CONCLUSION**

20     The initial summons was valid and sufficiently extended jurisdiction of this Court under 18

21 U.S.C. § 3583(i). Further, Defendant's supervised release was tolled by Defendant's fugitive

22 status from December 2, 2002, through April 20, 2012, and did not expire until September 7, 2012.

23 Therefore, this Court has jurisdiction over Defendant. Defendant's Motion to Dismiss Petition for

24 Warrant or Summons is denied.

25 DATED: October 18, 2012

26

27                                                     Hon. Roger T. Benitez
                                                    United States District Judge

28